# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 13, 2015 Session

## STATE OF TENNESSEE v. RODNEY STEPHENS

### Appeal from the Criminal Court for Campbell County
### No. 15070     E. Shayne Sexton, Judge

_____

### No. E2014-02514-CCA-R3-CD – Filed January 6, 2016
_____


TIMOTHY L. EASTER, J., dissenting.

I respectfully dissent with the conclusions of the majority that a rational trier of fact could not conclude beyond a reasonable doubt that Defendant possessed the culpable mental state of knowingly violating an order of protection. On direct examination, Defendant acknowledged that he was served "with something" when he left the jail. On cross-examination, Defendant admitted that he knew that there was an order telling him not to have contact with his wife when he left the jail. He acknowledged that somebody had given him a copy of the order and he showed it to the officer who stopped him a few minutes later. Finally, he agreed with the State that he was not "trying to tell the folks of the jury that [he] didn't know that [he was] not allowed to have contact with [Ms. Stephens]" and he knew that there was an order of protection.

When viewed in the light most favorable to the prosecution, as we must on an appeal of a state's successful conviction, a rational trier of fact could have found the essential element of Defendant's knowledge. Such a conclusion was established, at a minimum, by constructive knowledge (he was told of the order) or at most, by actual knowledge (he was served with a copy of the order). Either way, the record provides sufficient evidence of Defendant's knowledge of the order's existence and thus the mens rea to knowingly violate the order. I would, therefore, affirm Defendant's conviction of aggravated stalking in full.


_____
TIMOTHY L. EASTER, JUDGE